## 43355. GREEN v. CORDELL LUMBER COMPANY, INC. et al.

EBERHARDT, Judge. Green brought suit against Henderson and the Cordell Lumber Company for specific performance of a contract for the purchase and sale of a house and lot by virtue of which it was alleged that both defendants were bound to sell and convey the property to plaintiff. The contracts, attached to the petition by amendment, are between Henderson as seller and Green as buyer, Cordell Lumber Company not being mentioned. The petition alleges that Cordell Lumber Company became a party to the contracts and assumed the obligation of Henderson by constructing the house for Henderson, supplying materials for which he was supposed to be paid, but has not been paid, by Henderson. Hence, it is alleged that Henderson could not convey good title free of liens but could satisfy Cordell's claims against Henderson out of the purchase price if he chose to do so, and upon settlement of accounts between Henderson and Cordell they could join in conveying good title. It is alleged that defendants, though

able to do so, refuse to perform their contract but instead are endeavoring to sell the property to a third person at a higher price.

By amendment it is alleged that plaintiff's lender would not agree to extend the time for making the loan any longer and canceled the commitment after defendants' breach of the contract, thus causing plaintiff the loss of his chance to buy the property. It is further alleged that at the time the house was finished and the sale was ready for consummation, when plaintiff was ready to fulfill his part of the contract, the property was worth and is still worth $15,000, whereas the contract price of the property was $12,000. The prayer in the amendment is for $3,000 damages.

The trial court sustained the general demurrer of Cordell Lumber Company and dismissed the petition as to it, from which plaintiff appeals. In his brief filed in this court plaintiff abandons any claim for specific performance and treats the case as one solely for damages for breach of contract, a matter within this court's jurisdiction. *Held:*

Plaintiff having abandoned any claim for specific performance, we treat the case, as does he, as one solely at law for damages for breach of contract for the sale of realty. See *Laurens County v. Gay,* 223 Ga. 831 (158 SE2d 675). As such, the petition is subject to the general demurrer of Cordell Lumber Company for failure to allege the breach of any contractual obligations which it owed to plaintiff.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED JANUARY 11, 1968—DECIDED APRIL 2, 1968—
REHEARING DENIED APRIL 12, 1968.

C. C. *Crockett,* for appellant.
H. *Dale Thompson,* for appellees.